Filed 1/9/23 P. v. Meza CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

RICARDO MEDINA MEZA,

      Defendant and Appellant.

E078567

(Super.Ct.No. CR57959)

OPINION

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland , Assistant Attorney General, Daniel Rogers, Alan L. Amann and Matthew Mulford, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant was sentenced to life without the possibility of parole following his convictions on multiple robberies, one of which involved a shootout in which defendant's co-robber was shot and killed, as was one of the victims. In 2021, defendant filed a petition for resentencing under the former provisions of Penal Code section 1170.95,[1] hereafter referred to under its current number, section 1172.6, which was denied. He appeals, arguing that the fact the jury found true a special circumstances allegation does not automatically preclude his eligibility for resentencing. The People concede the case must be remanded pursuant to the recent holding of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), for a new hearing to determine if his petition makes a prima facie showing of entitlement to resentencing.

## BACKGROUND

We recite the facts as set forth in our opinion from defendant's direct appeal in *People v. Meza,* E021992 (nonpub. opn., filed July 29, 1999), supplemented as needed with more current information.

1.    The Family Basket Restaurant Robbery.

One of the victims, Patricia Castellanos, testified that she was a waitress at Family Basket restaurant in March 1994. Two men came in, ordered soft drinks, and sat in a booth. Two other men, including defendant, came in and ordered coffee. As Ms. Castellanos was pouring the coffee, defendant pulled a gun and announced a holdup. The

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

first two men joined him. The robbers took cash and jewelry. They then placed the victims in a freezer and told them to count to a hundred before coming out.

The restaurant owner, Mr. Dimitropolus, testified that defendant was rude and "acting like a maniac." Defendant poked him repeatedly with a gun and took about $3,500 and jewelry.

The robbers were identified from a videotape taken by a surveillance camera on a store across the street.

Two other restaurant employees testified and corroborated the testimony of Ms. Castellanos and Mr. Dimitropolus. One of the employees confirmed their identification of defendant.

Defendant was charged in count VI with robbing Mr. Dimitropolus, and convicted of second degree robbery. The jury also found that defendant personally used a firearm in the commission of the robbery.

2.     Alvarez Fashions Robbery.

On July 11, 1994, the victim, Jose Alvarez, was working at Alvarez Fashions, a store in Perris. Defendant came in, pulled out a gun, and announced a robbery. Defendant hit Mr. Alvarez twice with the gun and kicked him as he lay on the floor. Three more robbers came in and took money and merchandise under defendant's direction. Defendant took jewelry from Mr. Alvarez and cash from the cash drawer. Mr. Alvarez estimated that the robbers took $15,000 to $20,000 in merchandise.

Defendant was charged in count VII with the robbery of Mr. Alvarez. He was convicted of this charge, and the jury found that he personally used a firearm in the commission of the offense.[2]

3.     El Charro Zapateria Robbery and Shootout.

Maria Islas, referred to in count IV as Maria Gonzalez, testified that she and her husband owned a shoe store and they lived in an apartment in the rear of the store. Her husband was working in the store one afternoon while she ironed his clothes. A man, identified as defendant, entered the store through a private door and went towards her husband with a gun. Another man approached her, announced a robbery, and told her to get on the floor. Her husband went to the cash register and then sat next to her on the bed in the apartment. Gunfire then erupted. One of the robbers, Mr. Flores, was shot and subsequently died. Mr. Islas, the husband of Maria Islas, was killed.

Defendant was also shot twice in the gun battle. In addition, bullets from the gunfight passed through the wall of the building and into another building. One of the bullets hit Ms. Ayala, an employee working in the other building.

Defendant was charged with the murder of Mr. Islas (count I); the murder of Mr. Flores (count II); assault on Ms. Ayala (count III) and the robbery of Maria Gonzalez, the wife of Mr. Islas (count IV). The jury convicted defendant on each of these charges and found personal firearm use allegations to be true. Two special circumstances of murder in the course of a robbery were found to be true.

---

[2]     Defendant was acquitted of another robbery charged in count V when the victims were unable to identify him.

4

On direct appeal, we reversed the murder conviction pertaining to the shooting of his accomplice under the provocative-act doctrine. Otherwise, we affirmed the convictions, and the special circumstances finding.

On March 13, 2020, Meza filed a petition for writ of habeas corpus based on the changes brought about by Senate Bill No. 1437 and former section 1170.95. On April 23, 2020, the superior court denied the petition explaining that the proper vehicle for defendant's claim was through a petition pursuant to former section 1170.95. Defendant then filed a petition seeking resentencing pursuant section 1172.6. The court summarily denied that petition finding defendant was ineligible for relief by virtue of the special circumstances finding. Defendant appealed.

## DISCUSSION

On appeal, defendant argues the trial court erroneously denied his petition on the ground that the special circumstances finding, made prior to the California Supreme Court's opinion in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) rendered him automatically ineligible for resentencing. The People agree that defendant is entitled to reconsideration of his petition to determine if he has made a prima facie showing he is entitled to an evidentiary hearing pursuant to section 1172.6.

Under section 1172.6, the trial court must vacate a first-degree murder conviction that was based on a felony-murder theory, unless the petitioner either (1) was the actual killer, (2) had the intent to kill and aided and abetted the commission of first-degree

5

murder, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 1172.6, subd. (d)(3), incorporating § 189, subd. (e).) When Senate Bill No. 1437 amended section 189 to incorporate major participation and reckless indifference requirements, it codified the understanding of those requirements elucidated in *Banks* and *Clark*. (*Strong, supra*, 13 Cal.5th at p. 710, and cases there cited.)

While this appeal was pending, the Supreme Court in *Strong* held that *People v. Banks, supra,* 61 Cal.4th 788 and *People v. Clark, supra,* 63 Cal.4th 522 "substantially clarified" the requirements of a felony murder special-circumstance finding. (*Strong, supra*, 13 Cal.5th at p. 706.) The Supreme Court explained that "*Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong, supra*, 13 Cal.5th at pp. 706-707.) Therefore, it concluded a felony murder special-circumstance finding made before *Banks* and *Clark* were decided does *not* conclusively establish ineligibility for relief under section 1172.6. (*Strong, supra*, at pp. 710-720.)

The People concede that, because the felony-murder special-circumstance finding in appellant's case was made before *Banks* and *Clark*, that finding does not, in and of itself, render him ineligible for resentencing. Therefore, the trial court's order summarily denying appellant's petition must be reversed and this matter remanded for further proceedings consistent with the holding in *Strong*.

Because the trial court denied the petition based on the pre-*Banks* and pre-*Clark* felony-murder special circumstances, it has not yet considered whether the petition otherwise stated a prima facie case entitling defendant to an evidentiary hearing.  We therefore reverse the order to allow the court to reconsider whether defendant is entitled to such a hearing.

## DISPOSITION

The order appealed from is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
<br>P. J.

We concur:

McKINSTER
<br>J.

MILLER
<br>J.

7